**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2770
_____

YU CHAI WANG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A098-644-960)
Immigration Judge: Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 7, 2013

Before: SLOVITER, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: February 11, 2013)
_____

OPINION
_____

PER CURIAM.

Yu Chai Wang,[1] a native and citizen of China, petitions for review of a final

removal order entered by the Board of Immigration Appeals ("BIA"), which dismissed

---

[1] Petitioner's name also appears in the record as "Yue Chai Wang."

Wang's appeal of an Immigration Judge's ("IJ") decision denying her applications for relief from removal.  For the reasons that follow, we will deny the petition for review.

Wang entered the United States without inspection in 2002, married another Chinese national in 2003, and filed an application for asylum in 2004.  The government commenced removal proceedings, and Wang conceded her removability as an alien present in the United States without being admitted or paroled.  Wang pursued asylum and withholding of removal based on her claimed fear of returning to China now that she and her husband have three U.S.-born children.[2]  Wang maintained that, if she and her family return to her husband's rural village in Fujian Province, she or her husband would be sterilized and assessed a fine of up to 30,000 Yuan for having exceeded the number of children allowed under China's family planning law.  Unable to pay such a fine, Wang claimed that she or her husband would be jailed.

The IJ rejected Wang's request for relief, concluding that she failed adequately to corroborate her fear of persecution and failed to demonstrate that her fear is objectively well-founded.  The BIA dismissed Wang's appeal.  It held that Wang failed to meet her burden of proof inasmuch as she did not establish an objectively reasonable well-founded fear of persecution arising from the birth of her three children in the United States.  After reviewing the background materials and individualized evidence, the BIA explained that

> the evidence of record does not establish, even accepting a violation of the family planning policy of [Wang]'s home

---

[2] Wang did not seek Convention Against Torture protection.

province, that such a violation would be punished in a way that would give rise to a well-founded fear of future persecution. The evidence establishes no uniform policy regarding the implementation of the population control law with respect to children born outside China. While some individuals may be fined for such births, often no action is taken in the Fujian Province. Sporadic reports of forcible abortions and sterilizations, which are unauthorized under Chinese law, are insufficient to establish a well-founded fear of persecution.

A.R. at 5. Wang timely filed this petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a). Where, as here, "the BIA issues its own decision on the merits, rather than a summary affirmance, we review its decision, not that of the IJ." Hanif v. Att'y Gen., 694 F.3d 479, 483 (3d Cir. 2012). We consider the IJ's decision "only insofar as the BIA deferred to it." Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012). We review factual findings, such as the BIA's determination regarding Wang's fear of future persecution, for substantial evidence. See Yu v. Att'y Gen., 513 F.3d 346, 348 (3d Cir. 2008); Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). In applying this deferential standard, we must accept the BIA's finding "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "So long as the BIA's decision is supported by 'reasonable, substantial, and probative evidence on the record considered as a whole,' we will not disturb the BIA's disposition of the case." Chavarria, 446 F.3d at 515 (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

Because Wang made no claim of having suffered persecution in the past, she had

3

the burden of proof to establish that she has a well-founded fear of persecution in the future. See Yu, 513 F.3d at 348. Persecution "encompasses threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom, including forced sterilization." Id. (quotation marks omitted). To establish that her fear of future persecution is well-founded, Wang had to prove both a subjective fear, and that, as an objective matter, "'a reasonable person in [her] position would fear persecution, either because [s]he would be individually singled out for persecution or because there is a pattern or practice in [her] home country of persecution against a group of which [s]he is a member.'" Khan v. Att'y Gen., 691 F.3d 488, 496 (3d Cir. 2012) (quoting Huang v. Att'y Gen., 620 F.3d 372, 381 (3d Cir. 2010)).

In affirming the denial of Wang's asylum application, the BIA did not question Wang's subjective fear, but it found that her fear of persecution lacks an objectively reasonable basis. The BIA first reviewed the background evidence of record regarding China's population control law. It concluded that Wang failed to distinguish her case from earlier decisions in which the BIA held that much of the same documentary evidence was insufficient to show a reasonable possibility that authorities in Fujian Province would forcibly sterilize a returning national with multiple U.S.-born children. Among other things, the BIA looked to its decision in Matter of J-H-S-, where it determined that "physical coercion to achieve compliance with family planning goals is uncommon and unsanctioned by China's national laws, and that the overall policy is much more heavily reliant on incentives and economically-based penalties." 24 I. & N.

4

Dec. 185, 203 (BIA 2007). The BIA found that Wang failed to prove that any fine imposed upon her for violating the family planning law would rise to the level of persecution.[3]

Turning next to Wang's individualized evidence, the BIA determined that it does not show an objectively reasonable fear of persecution. The BIA observed that much of the evidence is unauthenticated or presented by individuals who were not subjected to cross-examination. The BIA further explained that the notices obtained by Wang's father and father-in-law from the village committees in Wang's town failed to specify the penalties for refusing to undergo sterilization after the birth of a second child. In addition, Wang's evidence of other women who were sterilized, including her sister-in-law, reflected the plight of individuals who were not similarly situated to Wang because they did not have U.S-born children. The BIA also rejected as unpersuasive two affidavits from individuals who allegedly were sterilized after returning to China from Romania and Japan, as Wang did not know those individuals and their affidavits were not prepared for Wang's removal proceeding.

After a careful review of the voluminous record, we are satisfied that the BIA's

---

[3] In her opening brief, Wang does not challenge the BIA's finding that any fine would fail to qualify as persecution. Consequently, Wang has waived review of that issue and we do not address it further. See Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 202-03 (3d Cir. 2004) ("We have held on numerous occasions that '[a]n issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.'") (quoting Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994)). Wang's claim before this Court is therefore limited to whether the record compels a finding that she would face persecution in the form of forced sterilization.

decision is support by substantial evidence. Wang contends that the IJ erred by failing to afford Wang an opportunity to corroborate the letters from her father and father-in-law. However, Wang's focus upon the IJ's analysis ignores the fact that our review is limited to the analysis in the BIA's decision; we have no cause to review a portion of the IJ's decision that the BIA did not refer to or adopt. See Roye, 693 F.3d at 339. The BIA expressly denied relief due to the failure of Wang's evidence as a whole – including the materials from her father and father-in-law – to establish an objective basis for her fear of forced sterilization. That determination finds support in the record.

The BIA correctly observed that the notices obtained by Wang's father and father-in-law from the local village committees are unauthenticated, and that those documents fail to specify any penalties for refusal to undergo sterilization after the birth of a second child. In addition, none of the individuals who provided letters for Wang claims to have given birth to children in the United States before returning to China, and Wang conceded in her testimony that she does not know any woman who was sterilized in China after having U.S.-born children. This record supports the BIA's determination that Wang failed to present supporting evidence from similarly situated individuals.

Wang maintains that her children will be viewed as Chinese citizens in China, that her children will "count" against the number allowed under family planning policy, and that there is "objective evidence that the Chinese government forcibly sterilizes returning Chinese nationals." Petitioner's Br. at 15. Wang fails, however, to point to specific evidence in this voluminous record which would be sufficient to *compel* this Court to

reject the BIA's contrary finding. The BIA observed that there is "no uniform policy regarding the implementation of the population control law with respect to children born outside China," and that "[s]poradic reports of forcible abortions and sterilizations" are insufficient. A.R. at 5. Substantial evidence supports these determinations. See, e.g., Ying Chen v. Att'y Gen., 676 F.3d 112, 114-15 (3d Cir. 2011) (discussing the BIA's "persuasive[]" decision in Matter of H–L–H & Z–Y–Z–, 25 I. & N. Dec. 209 (BIA 2010), where the BIA rejected a claimed fear of forced sterilization in Fujian Province based on the same State Department report – the May 2007 Profile of Asylum Claims and Country Conditions – found in the record in the present case).

Because withholding of removal carries a higher burden of proof than asylum, Wang's request for that relief was properly denied. See Ying Chen, 676 F.3d at 117.

For these reasons, we will deny the petition for review.